IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CECILIA RAMOS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 3:20-cv-3275 |
| | § | |
| KELLY SERVICES, INC. & | § | |
| BROADRIDGE FINANCIAL SERVICES | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Cecilia Ramos ("Ramos" or "Plaintiff") complains of Defendants Kelly Services, Inc ("Kelly Services") and Broadridge Financial Services ("BFS") (collectively "Defendants") and for causes of action would show the Court as follows:

### I.

### INTRODUCTION

1.01    Plaintiff brings this action for sex discrimination, sex harassment, and unlawful retaliation under Title VII.

### II.

### PARTIES

2.01    Plaintiff, Ramos is a citizen and resident of the State of Texas. Plaintiff resides at 3013 Park Square Drive, Irving, Texas 75760.

2.02    Defendant Kelly Services Inc. is a domestic For-Profit Corporation organized under the laws of Delaware and authorized to do business in the state of Texas. It has offices at 73011 State Highway 161, Suite #170, Irving Texas 75039 and may be served through its registered agent CT Corp System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever found.

2.03   Defendant BFS is a for profit entity who does business within the state of Texas. BFS maintains offices at 404 South Royal Lane, Coppell Texas 75019 and may be served to an officer of the entity at that address, or though its registered agent, or its Chief Executive Officer Tim Gokey, or wherever found.

### III.

### JURISDICTION AND VENUE

3.01   Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

3.02   Venue for all causes of actions stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391.  This Court also has pendent jurisdiction over state law claims.

### IV.

### FACTUAL ALLEGATIONS

4.01   Plaintiff was employed by Kelly Services from September 2015 until her termination on May 3, 2019.

4.02    Kelly Services would direct Plaintiff to work on a temporary basis for various employers but was otherwise responsible for Plaintiff's salary and benefits. Throughout her employment at Kelly Services Plaintiff met or exceeded expectations.

4.03   During Plaintiff's employment for Kelly Services, Plaintiff was assigned to work at BFS, who retained Kelly to provide temporary help, but directed Plaintiff with regard to work assignments and what personnel procedures were to be followed while Plaintiff worked there.

4.04    During Plaintiff's last three months of working for BFS, (approximately February 2019 through May 2019) Plaintiff was sexually harassed by her manager at BFS, who made comments of a sexual nature and texted Plaintiff about his sexual endeavors and conquests.

4.05    The manager was employed by BFS and despite Plaintiff's requests to stop talking inappropriately and stop sending inappropriate texts, he continued to make crude comments and send her inappropriate texts.  Plaintiff was working in a sexually hostile work environment.

4.06   On or about April 28, 2019, Plaintiff reported her manager's behavior to BFS' Human Resources ("HR") department.

4.07    Approximately 2 days after Plaintiff made her complaint, the manager was terminated.  Approximately a week later on May 3, 2019, Plaintiff was terminated for the stated reason that she was not a good fit and was suspected of drug use.

4.08    Plaintiff was not using drugs and had never been challenged for drug use in the workplace.  Defendant could have, but neglected to, test Plaintiff for drug use, thereby showing that the stated reason was pretextual.  Further, Plaintiff had worked at BFS for nearly three years without incident.  The only time a complaint was ever alleged about her was after she had complained to BFS about her working conditions when she was being sexually harassed by her manager.  Consequently, Defendants' stated reason for Plaintiff's termination is a pretext for the real reason for her termination, which was discrimination.

4.09    Following Plaintiff's termination, Plaintiff has received no further calls from Kelly Services for any part-time or full-time temporary work.

4.10    Plaintiff has suffered significant financial damages in the form of lost pay due to her termination and pretextual false allegation.  Plaintiff has also suffered extensive emotional distress as a result of the hostile work environment and her subsequent termination.

## V.

## FIRST COUNT

### DISCRIMINATION BECAUSE OF SEX IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) *ET SEQ*

5.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02    Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and belongs to a class protected under the statute, namely females.

5.03    Defendants are employers within the meaning of 42 U.S.C. § 2000e(d) Title VII, since it employs more than fifteen employees.

5.04    Defendants allowed Plaintiff to work in a hostile work environment where she was subjected to inappropriate comments and text messages of a sexual nature by her immediate supervisor.  Such actions are in violation of Title VII and chapter 21 of the Texas Labor Code.

5.05    Plaintiff filed a timely charge of discrimination with the Equal Opportunity Employment Commission ("EEOC").   On or about July 30, 2020, Plaintiff received her Right to Sue Letter.  Plaintiff has filed this lawsuit within 90 days of her receipt thereof.

5.06    As a direct and proximate result of Defendant, BFS' termination of Plaintiff's employment, and Kelly Services' refusal to reassign Plaintiff or offer Plaintiff other part time or full-time temporary positions, Plaintiff has suffered the following injuries and damages:

      a.   Mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

      b.   Lost wages and related benefits.

5.07    Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k) .

5.08     Defendants violated Title VII by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex.  Plaintiff was subjected to a continuous course of harassment, made to work in a sexually hostile environment, and then was terminated by BFS and not offered any future assignments from Kelly Services, ending her employment with them, after she reported such harassment and discrimination.

5.09     Such discrimination by Defendants against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## SECOND COUNT

## UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(E) *ET SEQ*

6.01     The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

6.02     Pursuant to 42 USC section 2000(E) *et seq*., an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

6.03     Defendants retaliated and discriminated against Plaintiff after she complained to Defendant about the unwelcome advances and sexually hostile environment in the work place by terminating her employment at BFS, by not giving Plaintiff other part-time or full-time temporary

assignments, and by terminating her employment with Kelly Services. These are adverse actions and were in retaliation for her protected activity of reporting harassment in the work place.

6.04   Following Plaintiff's complaint, Defendants unfairly retaliated against Plaintiff by making a false accusation, terminating her employment at BFS, and then terminating her employment with Kelly by not providing her with alternative work assignments.

6.05   Defendants terminated Plaintiff's employment on May 3, 2019, in close proximity to making a complaint of sexual harassment. Defendant's stated reason for Plaintiff's termination was that Plaintiff was no longer a good fit and she was suspected of drug use, just days later.

6.06   This stated reason is a pretext for retaliation because Plaintiff had committed no wrongdoing. Defendants did not administer at drug test to determine whether Plaintiff had been using drugs, and made this accusation without any basis. Furthermore, Plaintiff had been working at BFS while employed by Kelly Services for over three years without incident.

6.07   Defendant knowingly and willfully retaliated against Plaintiff for her protected activity in violation of Title VII.

6.08   Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights. It was foreseeable by Defendant that Plaintiff would suffer harm as a result of the retaliation and discrimination.

## VII.

## JURY TRIAL DEMANDED

7.01   Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following   relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

(4) Damages for past and future mental anguish, emotional distress and physical distress;

(5) Exemplary damages in an amount to be determined by the trier of fact;

(6) Prejudgment and Post-judgment at the maximum legal rate;

(7) All costs of court;

(8) Attorneys' fees; and

(9) Such other and further relief to which Plaintiffs may be justly entitled.

Date: October 28, 2020.

        Respectfully submitted,

        **KILGORE & KILGORE, PLLC**

By:   /s/ Nicholas A O'Kelly

Nicholas A O'Kelly
State Bar No. 15241235
**KILGORE LAW CENTER**
3109 Carlisle
Dallas, Texas 75204
(214) 379-0827 - Telephone
(214) 953-0133 - Telecopier
email: nao@kilgorelaw.com

**ATTORNEY FOR PLAINTIFF CECILIA RAMOS**